**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7585**

MARCUS L. WATTS,

             Petitioner - Appellant,

        v.

WARDEN LIEBER CORRECTIONAL INSTITUTION,

             Respondent – Appellee,

        and

ALAN WILSON,

             Respondent.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Joseph F. Anderson, Jr.,
District Judge. (6:12-cv-01211-JFA)

Submitted: December 10, 2013      Decided: December 27, 2013

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Marcus L. Watts, Appellant Pro Se.  Donald John Zelenka, Senior
Assistant Attorney General, Brendan McDonald, OFFICE OF THE
ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus L. Watts seeks to appeal the district court's orders accepting the recommendation of the magistrate judge, denying his 28 U.S.C. § 2254 (2006) petition as untimely, and denying his motion to alter or amend judgment. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Watts has not made the requisite showing. Not only did the one-year limitations period for his federal habeas claim expire before he filed his state habeas petition, but he also waited over two-and-a-half years after his state petition was dismissed before filing his § 2254 petition. And as the district court

3

correctly determined, Watts is not entitled to equitable tolling because he has failed to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance" beyond his control prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Accordingly, we deny his motion for a certificate of appealability, deny his motion for appointment of counsel, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED